UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLEVELAND GREEN III, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-3315 |
| | § | |
| LORIE DAVIS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

Cleveland Green III, proceeding *pro se*, filed suit under 42 U.S.C. § 1983 alleging violations of his civil rights. Green sued eight named defendants and 92 "Unknown Corrections Officers." On October 15, 2018, this Court dismissed without prejudice Green's claims against the unknown defendants. Green failed to provide sufficient identifying information about these defendants to effect service of process. (Doc. # 30).

The remaining defendants moved to dismiss in two separate motions on March 27, 2018. One motion was brought by defendants Lorie Davis, Matthew Barber, and James Jones, all of whom are officials of the Texas Department of Criminal Justice ("TDCJ Defendants"). The other motion is brought by Isaac Kwarteng, Dr. Erick Echavarry, Physician Assistant Susanna Corbett, Nurse Felicia-Ana Antu, and Physician Assistant Cheryl Egan, employees of the University of Texas Medical Branch ("UTMB defendants"). Green did not respond to either motion. Based on the pleadings, the motions, and the applicable law, the defendants' motions are granted, and the complaint is dismissed with prejudice as to the TDCJ and UTMB defendants, and without prejudice as to the 92 unknown corrections officers.

**I.    Background**

Green alleges that he was provided with a walker to assist him with walking but was left housed on the second floor of his unit. He alleges that he fell down a flight of stairs while using the walker and was injured. He contends that the defendants knew that he was housed on the second floor and that this was unsuitable for him because he used a walker, and that they denied him a transfer to a medically appropriate housing assignment. He also contends that defendant Egan illegally confiscated his legal materials, depriving him of access to the courts. The defendants now move to dismiss the complaint under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

**II.    Analysis**

    **A.    Standard of Review**

        1.    The Rule 12(b)(1) Standard

A federal court must dismiss a case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the plaintiff's claims. *Home Builders Assoc' of Miss., Inc., v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998). In resolving a motion under Rule 12(b)(1), a court may refer to evidence outside the pleadings. *Espinoza v. Mo. Pacific R. Co.,* 754 F.2d 1247, 1248 n. 1 (5th Cir.1985). When the jurisdictional issue is of a factual nature rather than facial, plaintiff must establish subject matter jurisdiction by a preponderance of the evidence. *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir.1989).

2. <u>The Rule 12(b)(6) Standard</u>

In reviewing a motion to dismiss under Rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

**B.**     **Personal Involvement**

To prevail on his claim, Green must demonstrate that each defendant was personally involved in the alleged constitutional violation, or that the defendant committed wrongful acts that were causally connected to a constitutional deprivation. *See Jones v. Lowndes County, Mississippi*, 678 F.3d 344, 349 (5th Cir. 2012).

1. <u>The UTMB Defendants</u>

Green attaches to his complaint a copy of grievances that he filed concerning the basis of this lawsuit. Green's Step 1 grievance shows that the defendants provided medical treatment to Green at the McConnell Unit. Doc. # 3 at 7. Green acknowledges that defendant Dr. Kwarteng requested that Green be transferred to a single level facility. *Id.* Green was transferred shortly after that, and suffered his fall at the Walls Unit, where he was assigned to second floor housing by the Classification Committee. *Id.* Green's pleadings thus show that medical staff at the McConnell Unit requested the housing assignment he contends he should have received, but that he was assigned to second floor housing at another unit. The UTMB defendants thus had no role

in Green's alleged injury and are entitled to dismissal of Green's Eighth Amendment claims against them.

2. Davis and Jones

Defendants Davis and Jones argues that Green does not allege that either of them was personally involved in the alleged constitutional violations. In his More Definite Statement ("MDS"), Green specifically alleges that both Davis (the TDCJ-ID Executive Director) and Jones (the Walls Unit Warden) were contacted and informed about Green's medical situation and housing assignment and failed to address the situation. MDS at 1. This is sufficient, under the liberal pleading standards afforded to *pro se* plaintiffs, to allege their personal involvement.

As discussed above, however, Green's pleadings show that McConnell Unit medical staff requested appropriate housing for Green. The Classification Committee at the Walls Unit assigned him to second floor housing, leading to his fall. This intervening cause, *i.e.*, the actions of the Walls Unit Classification Committee, removes defendant Jones' alleged indifference as a cause of Green's injury. Green does not contend that Jones was part of the committee, but only that he is liable based on his supervisory role. *See* MDS at 3. As discussed *infra*, this does not state a claim for relief. He is therefore also entitled to dismissal of Green's claims against him.

Green alleges that defendant Davis had personal knowledge of his situation. He nonetheless fails to demonstrate her personal involvement in any acts or omissions leading to his injury for the same reasons, *i.e.* that TDCJ medical staff requested an appropriate housing assignment after Green complained. Green makes no allegation that Davis was personally involved in the Walls Unit Classification Committee's housing decision. She therefore lacks any personal involvement.

### C. Supervisory Liability

Davis, Jones, and defendant Barber, the Warden of the McConnell Unit also seek dismissal contending that Green alleges only that they are liable based on their supervisory positions. It is well established that supervisory officials cannot be held vicariously liable under 42 U.S.C. § 1983 for acts of their subordinates on a theory of *respondeat superior*. *Monell v. Dept't of Soc. Servs.*, 436 U.S. 658, 692 (1978). Again, the pleadings show that an appropriate housing assignment was requested, and Green makes no allegations that any of the supervisory officials were personally involved in the Walls Unit Classification Committee housing decision. Therefore, his claims against these defendants are based on a theory of *respondeat superior* and fails to state a claim upon which relief can be granted.

### D. Access to the Courts

Green also alleges that defendant Egan "illegally confiscated my legal material to prevent and or chill my access to courts rights." MDS at 4. Prison inmates have a First Amendment right of access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977). This right requires that prison officials provide a reasonable opportunity to file non-frivolous legal claims. *Lewis v. Casey*, 518 U.S. 343, 353-54 (1996). "While the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993).

To prevail on a claim that his right of access to court has been violated, a prisoner must demonstrate prejudice or harm by showing that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered by the defendant's actions. *See Christopher v. Harbury,* 536 U.S. 403, 415 (2002) (internal quotations omitted); *Lewis v. Casey,* 518 U.S. at 351. *See also Johnson v.*

*Rodriguez*, 110 F.3d 299, 311 (5th Cir.1997). He must identify the nonfrivolous, arguable underlying claim. *Id.* Green identifies no such underlying claim. He therefore fails to state a cognizable claim of denial of his right of access to the courts.

E. **Eleventh Amendment Immunity**

All of the defendants argue that they are immune from Green's claims for money damages against them in their official capacities. "[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). A suit for damages against a state official in his official capacity is not a suit against the individual, but against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Because Green's claims against the defendants in their official capacities are claims against the State of Texas, Green's claims for money damages are barred by the Eleventh Amendment.

III. **Conclusion**

For the foregoing reasons, the defendants' motions to dismiss (Docs. # 15 and 17) are GRANTED. All other pending motions are DENIED AS MOOT.

It is so ORDERED.

SIGNED on this 14th day of March, 2019.

_____
Kenneth M. Hoyt
United States District Judge